UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-135-FDW
(1:09-cr-17-GCM-DLH-1)

| | |
|---|---|
| ALBERT C. BURGESS, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Court's initial review of Petitioner's action, styled as a "Petition for Writ of Habeas Corpus Ad Subjiciendum," pursuant to 28 U.S.C. § 1651, (Doc. No. 1).

In 2009, Petitioner was charged in this district with one count of possession of materials involving the exploitation of minors (Count One), and one count of knowingly receiving visual depictions of minors by computer which involved sexually explicit conduct (Count Two), all in violation of 18 U.S.C. § 2252(a)(4)(B) and 18 U.S.C. §§ 2252(a)(2). (Criminal Case No. 1:09-cr-17-GCM, Doc. No. 1: Indictment). After a jury trial, Petitioner was found guilty of both offenses. This Court subsequently sentenced Petitioner to 240 months of imprisonment on Count One and to 292 months of imprisonment on Count Two, with both counts to run concurrently. (Id., Doc. No. 185: Judgment). On July 11, 2012, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's convictions and all aspects of his sentences, but remanded for reconsideration of the restitution award. See United States v. Burgess, 684 F.3d 445 (4th Cir.), cert. denied, 133 S. Ct. 490 (2012). On November 15, 2012, Petitioner filed a motion to

1

vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, and the Court subsequently denied the motion to vacate on February 26, 2015.

Petitioner filed this action on July 10, 2015. (Doc. No. 1). Petitioner has styled this action as a "Petition for Writ of Habeas Corpus ad Subjiciendum," purportedly pursuant to 28 U.S.C. § 1651. In the petition, Petitioner contends that the transcripts in his underlying criminal action were "altered to the benefit of the United States Attorney and with a reckless disregard for the laws and practice of the United States." (Doc. No. 1 at 1). Petitioner argues that "this writ is the only means of challenging [the] refusal by the Court and the U.S. Attorney to turn over the audio versions, the actual and undoctored tapes of the proceedings." (Id. at 2). Finally, Petitioner contends that he "has been convicted of crimes which he legally did not commit. And the proof is in the transcripts. And the transcripts have been altered and the audio tapes of these transcripts have been hidden." (Id.). Petitioner seeks from this Court "appointment of counsel, or to extend the appointment already given to Rick Foster, and to grant him unfettered subpoena power to locate and verify the allegations contained herein." (Id. at 2-3).

The Court will dismiss this action without prejudice, as a Petition for Writ of Habeas Corpus Ad Subjiciendum is not the proper vehicle through which to seek the remedy that Petitioner seeks here. A petition for writ of habeas corpus ad subjiciendum is merely another name for the common law writ which was used to inquire into the cause of a person's restraint. See Carbo v. United States, 364 U.S. 611, 615 (1961). This common law "Great Writ," however, has been codified into the provisions of 28 U.S.C. § 2241. See Stantini v. United States, 986 F. Supp. 736, 739 (E.D.N.Y. 1997). Here, Petitioner is not seeking release from custody based on an illegal conviction. Instead, the sole relief that Petitioner seeks through the petition is an order from this Court appointing counsel to assist Petitioner in recovering audio

2

files that Petitioner contends were created in his underlying criminal proceedings in this Court. The Court further notes that Petitioner has already filed, in his previous Section 2255 action, a motion seeking an order compelling the production of audio tapes of hearings of his underlying criminal proceedings based on his argument that the transcripts "were badly altered by the Court Reporter." (Civil Case No. 1:12cv375, Doc. No. 55). This Court denied the motion, stating that "[t]o the extent Petitioner is seeking audio tapes of proceedings in district court, this motion will be denied as the court reporter provides the official record of the proceedings and to the undersigned's knowledge, at the time these proceedings were held, no audiotapes were utilized." (Id., Doc. No. 87 at 22). Petitioner may not use the instant petition as a vehicle to avoid the Court's prior ruling against him as to alleged audiotapes of the underlying criminal proceedings. Thus, the instant petition will be dismissed.

**IT IS, THEREFORE, ORDERED that:**

1. The "Petition for Writ of Habeas Corpus Ad Subjiciendum," (Doc. No. 1), is **DISMISSED** without prejudice.
2. The Clerk is directed to terminate this action.

Signed: July 18, 2015

Frank D. Whitney
Chief United States District Judge